UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ALEXIS DOCTOR :
:
v. : C.A. No. 05-424ML
:
ASHBEL T. WALL, II, :
Director of Adult Corrections :

**ORDER**

This matter comes before the Court on Petitioner's Motion for Appointment of Counsel (Document No. 3). Petitioner's Motion is DENIED. There is no absolute right to an attorney in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Before appointing an attorney, the Court must look to the type and complexity of the case, and the ability of Petitioner to prosecute it. Id.; Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). This analysis also applies to persons such as Petitioner seeking habeas corpus relief, Reese v. Fulcomer, 946 F.2d 247, 264 (3rd Cir. 1991), cert. denied, 503 U.S. 988 (1992) (no evidentiary hearing), and it also includes post-hearing motions, U.S. v. Seretti, 754 F.2d 817 (9th Cir. 1985) (petition for certiorari).

From a review of the documents filed in this case to the present time, the Court finds that Petitioner has the capacity to prosecute the claim, and that Petitioner has shown a basic understanding of the legal procedures to be followed. If an evidentiary hearing is scheduled in this case, Petitioner may refile the Motion for Appointment of Counsel and the Court will reconsider the request. See Rule 8(c), Federal Rules Governing Section 2254 Cases. Thus, the Court determines that Petitioner does not, at this time, meet the test for appointment of counsel and will, therefore, be required to continue to prosecute this action pro se unless and until he retains counsel to appear in this case and represent him.

IT IS THEREFORE ORDERED, that Petitioner's Motion for Appointment of Counsel (Document No. 3) is DENIED without prejudice.

LINCOLN D. ALMOND
United States Magistrate Judge
October 27, 2005